IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES TATE,                                         3:12-CV-00590-SU

               Plaintiff,                      ORDER

v.

BENNETT LAW, PLLC,

               Defendant.

BROWN, Judge.

    Magistrate Judge Patricia Sullivan issued an Order (#36) on
January 29, 2013, in which she granted Plaintiff's Motion (#14)
to Extend Deadlines and Plaintiff's Motion (#16) for Leave to
Amend Complaint and Add Janice Tate as Additional Plaintiff.
Defendant filed Objections to the Order.  The matter is now
before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal
Rule of Civil Procedure 72.

    In accordance with Rule 72(a), "[w]hen a pretrial matter not
dispositive of a party's claim or defense is referred to a

1 - ORDER

magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." The standard of review for an order with objections is "clearly erroneous" or "contrary to law." *See also* 28 U.S.C. § 636(b)(1)(A) (applying the "clearly erroneous or contrary to law" standard of review for nondispositive motions). If a ruling on a motion is not determinative of "a party's claim or defense," it is not dispositive and, therefore, is not subject to *de novo* review as are proposed findings and recommendations for dispositive motions under Title 28 U.S.C. § 636(b)(1)(B).

## BACKGROUND

On April 4, 2012, Plaintiff James Tate filed a Complaint in this Court in which he asserted Defendant Bennett Law, PLLC, violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692e and 1692d. Specifically, Plaintiff alleged:

> 5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).
>
> 6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).
>
> 7. All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).
>
> 8. Within the last year, Defendant took multiple actions in an attempt to collect a debt from Plaintiff. Defendant's conduct violated the FDCPA in multiple ways, including the following.

9.    Failing to disclose Defendant's true
corporate or business name in a telephone call to
Plaintiff, including representing in voicemails
that Defendant's business name was "Bennett &
Deloney."  Defendant's business name is Bennett
Law and Defendant is owned by Michael Bennett.
Michael Bennett was law partners with Richard
Deloney and there was a firm called Bennett &
Deloney, but it is defunct (§ 1692d(6));

10.    Failing to notify Plaintiff during each
collection contact that the communication was from
a debt collector, including leaving voicemails
that fail to make this disclosure (§ 1692e(11)).

11.    As a result of the aforementioned violations,
Plaintiff suffered and continues to suffer
injuries to Plaintiffs feelings, personal
humiliation, embarrassment, mental anguish and
severe emotional distress.

12.    Defendant intended to cause, by mean of the
actions detailed above, injuries to Plaintiff's
feelings, personal humiliation, embarrassment,
mental anguish and severe emotional distress.

13.    Defendant's actions, detailed above, were
undertaken with extraordinary disregard of, or
indifference to, known or highly probable risks to
purported debtors.

14.    To the extent Defendant's actions, detailed
in paragraphs above, were carried out by an
employee of Defendant, that employee was acting
within the scope of his or her employment.

Compl. at ¶¶ 5-14.

On July 31, 2012, Defendant filed an Answer in which it

denied all of the allegations in paragraphs 5-14 of the Complaint

and asserted three Affirmative Defenses:  Plaintiff failed to

state a claim; to the extent that Plaintiff can establish a

violation of the FDCPA by Defendant, that violation was not

intentional and resulted from *bona fide* error; and Plaintiff rejected an offer of settlement.

On November 15, 2012, Plaintiff filed a Motion for Leave to Amend Complaint in order to add Plaintiff's wife, Janice Tate, as a plaintiff. Plaintiff conceded in his Motion that the limitations period for Janice Tate to bring claims against Defendant under the FDCPA had passed, but he asserted Janice Tate's proposed claims relate back to Plaintiff's claims under Federal Rule of Civil Procedure 15(c).

In its Response Defendant contended Rule 15(c) does not apply when a plaintiff seeks to add a new plaintiff to an action rather than to substitute a different plaintiff for an existing plaintiff, and, therefore, the Court should deny Plaintiff's Motion.

On January 29, 2013, Judge Sullivan issued an Order granting Plaintiff's Motion for Leave to Amend on the ground that Janice Tate's claims relate back to Plaintiff's claims under Rule 15(c).

On February 12, 2013, Defendant filed Objections to Judge Sullivan's Order in which Defendant asserted Rule 15(c) does not apply when a plaintiff seeks to add a new plaintiff and also that Plaintiff has not established he did not know or could not have known within the limitations period that Defendant sought to collect a debt from Janice Tate rather than from Plaintiff.

4 - ORDER

The Court took this matter under advisement on February 28, 2013.

## DISCUSSION

**I.   Rule 15(c) does not apply when adding a new plaintiff.**

Plaintiff's Complaint and proposed Amended Complaint do not contain any specific dates for the alleged violations against Janice Tate, and the voicemails that Plaintiff submitted in support of his Motion for Leave to Amend do not specify dates for the allegedly offending telephone calls.  Nevertheless, the parties do not appear to dispute that Janice Tate's claims will be untimely if there is not a procedural mechanism that permits her claims to relate back to the date that Plaintiff filed his Complaint.

As noted, Plaintiff contends Janice Tate's claims relate back to the filing of the original Complaint in this matter under Rule 15(c).  Rule 15(c)(1) provides:

> (c) Relation Back of Amendments.
>
> > (1)  When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
> >
> > > (A)  the law that provides the applicable statute of limitations allows relation back;
> > >
> > > (B)  the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or

(C)  the amendment *changes the party* or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

> (I)  received such notice of the action that it will not be prejudiced in defending on the merits; and

> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

As Defendant points out, Rule 15(c)(1)(C) on its face allows for relation back of claims only when an amendment seeks to *change* a party.  It does not on its face allow relation back of claims asserted by a newly-added party while the original party remains in the action.  In addition, the language of Rule 15(c)(1)(C)(I) and (ii) suggests this provision applies to claims brought against new defendants rather than claims brought by new plaintiffs.

Plaintiff, nevertheless, points to *Arch Chemicals, Inc. v. Radiator Specialty Co.*, 727 F. Supp. 2d 997 (D. Or. 2010), to support his assertion that Rule 15(c)(1)(C) allows relation back of claims brought by newly-added parties.  In *Arch Chemicals* the court concluded, among other things, that even though Rule 15(c) does not by its terms expressly apply to substituted plaintiffs, the approach adopted in Rule 15(c) "extends by analogy to amendments changing plaintiffs." *Arch Chem.*, 727 F. Supp. 2d at

6 - ORDER

1005 (citation omitted).  In reaching that conclusion, however,
the *Arch Chemical* court relied on two Ninth Circuit cases that do
not support an extension of the rule in circumstances like those
in the case now before this Court.  The first case, *Immigrant
Assistance Project of Los Angeles County Federation of Labor v.
INS*, was a class action in which the plaintiffs added additional
plaintiffs to the class.  306 F.3d 842, 857 (9th Cir. 2002).  In
the second case, *Raynor Bros. v. American Cyanimid Company*, the
plaintiff sought to substitute a defendant, and the Ninth Circuit
held "[t]he substitution after the applicable statute of
limitations may have run is not significant when the change is
merely formal and in no way alters the known facts and issues on
which the action is based."  695 F.2d 382, 384 (9th Cir. 1982).
Plaintiff does not seek to substitute a defendant, however, but
instead seeks to add a plaintiff.  In addition, this matter is
not a class action.  Thus, the cases relied on in *Arch Chemicals*
do not appear to support extension of Rule 15(c) to allow
relation back of claims asserted by newly-added plaintiffs.

Nevertheless, the Court concludes Plaintiff may properly add
Janice Tate as a plaintiff in this matter under Federal Rule of
Civil Procedure 20 as set out below and, therefore, the Court
ultimately does not need to decide whether Rule 15(c)(1)(C)
extends beyond substitution of a defendant.

## II.   Permissive joinder.

Federal Rule of Civil Procedure 20(1) provides:

> (a)   Persons Who May Join or Be Joined.
>
> > (1)   **Plaintiffs.**  Persons may join in one action as plaintiffs if:
> >
> > > (A)   they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> > >
> > > (B)   any question of law or fact common to all plaintiffs will arise in the action.

"Rule 20 encourages broad joinder." *Denham v. Aranda*, No. 09CV1505 JLS (WVG), 2012 WL 3561988, at *3 (S.D. Cal. Aug. 17, 2012). *See also League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977) ("[Rule 20] is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits."). Nevertheless, "[e]ven once the[] requirements [of Rule 20(a)(1)] are met, a district court must examine whether permissive joinder would comport with the principles of fundamental fairness or would result in prejudice to either side." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000)(quotation omitted).

### A.   Requirements of Rule 20

The claims of Janice and James Tate arise out of the

8 - ORDER

same series of transactions or occurrences:  specifically,
voicemails from Defendant during which Defendant allegedly failed
to disclose its true corporate or business name and failed to
specify the communication was from a debt collector.  Plaintiff
contends in the materials supporting his Motion for Leave to
Amend that the telephone number at which the voicemails were left
was one that Plaintiff and Janice Tate shared.  The recordings of
the voicemails provided to the Court establish that the
voicemails are not specifically addressed to anyone.
Accordingly, the same series of events underlie the claims of
Plaintiff and Janice Tate.  Plaintiff, therefore, has met the
requirements of Rule 20.

The Court must next determine whether permissive
joinder would comport with the principles of fundamental fairness
or result in prejudice to either side.

**B.    Principles of fundamental fairness and/or prejudice**

Defendant alleges it would have to conduct further
discovery related to Janice Tate's claim if the Court allows her
to be joined as a plaintiff, but the discovery deadline has
passed.  It is unclear how much more discovery would be needed
because, as noted, the telephone calls and voicemails are the
same.  Nevertheless, discovery could be reopened to the extent
that it would be necessary for Defendant to investigate Janice
Tate's claims.

9 - ORDER

Defendant also asserts Janice Tate's claims are untimely under the FDCPA, and, therefore, it would be fundamentally unfair to allow her to bring those claims in this action.

The FDCPA provides "[a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States district court . . . within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Plaintiff appears to concede the voicemails at issue were left more than one year before Plaintiff sought to add Janice Tate. Accordingly, if there is not a mechanism by which the limitations period for Janice Tate's claims is tolled or extended, Janice Tate's claims are time-barred.

Notwithstanding the language of § 1692k(d), the Ninth Circuit has held the discovery rule applies to claims under the FDCPA and that the limitations period of the FDCPA "begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action." *See Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 941 (9th Cir. 2009).

Plaintiff asserts he and Janice Tate did not know or have reason to know that the voicemails at issue were left for Janice Tate rather than for Plaintiff or that Defendant was attempting to collect a debt from Janice Tate rather than from Plaintiff until Defendant's Rule 30(b)(6) witness was deposed on

10- ORDER

November 15, 2012.

Defendant contends it should have been clear it was attempting to collect a debt from Janice Tate rather than from Plaintiff because (1) Defendant sent Janice Tate a letter on September 12, 2011, attempting to collect the debt; (2) Janice Tate held the Chase credit card on which the debt was owed; and (3) Defendant denied the allegations in paragraphs 5-14 of Plaintiff's Complaint.

The evidence submitted by Defendant establishes the Chase credit card at issue appears to be in Janice Tate's name. The individual who left the voicemails, however, did not state he or she was calling to collect a debt related to the Chase credit card. The caller merely stated he or she was calling about "an important legal matter." In addition, although Defendant sent Janice Tate a letter on September 12, 2011, in which it noted it was attempting to settle her account, the letter was signed by Bennett Law, PLLC, and was on letterhead bearing the name Bennett Law, PLLC. The caller who left the voicemails, however, stated he or she was from Bennett & Deloney. Defendant does not establish why Janice Tate should have known Bennett & Deloney was the same organization as Bennett Law, PLLC, or that the debt addressed in the letter was the same as the "important legal matter" referenced in the voicemails. Moreover, the letter from Defendant contains a telephone number for Janice Tate to call to

11- ORDER

settle her debt, and that telephone number differs from the
telephone number left on the voicemails.  The Court, therefore,
concludes the evidence does not clearly establish that Janice
Tate knew or should have known Defendant was attempting to
collect the debt from her.  In addition, even though Defendant
denied Plaintiff's allegations in the Complaint related to
Defendant's alleged attempts to collect the debt from Plaintiff,
it seems unlikely that Plaintiff would understand from
Defendant's general denial of those allegations that Defendant
intended to collect the debt from Janice Tate rather than
Plaintiff.

On this record the Court concludes Plaintiff has
established Janice Tate did not and could not reasonably have
known that Defendant intended to collect a debt from Janice Tate
until the November 15, 2012, deposition of Defendant's Rule
30(b)(6) witness.  Plaintiff filed his Motion to Amend seeking to
join Janice Tate on the same day as the deposition.  Accordingly,
the amendment was sought well within one year of Plaintiff's
discovery that the alleged violations applied to Janice Tate.

In summary, the Court declines to adopt that portion of
the Order in which Magistrate Judge Sullivan concludes Rule
15(c)(1)(C) should be expanded to allow the addition of a new
plaintiff and, as a result, Janice Tate's claims relate back to
the original Complaint.  The Court, however, concludes Plaintiff

12- ORDER

may add Janice Tate as a plaintiff based on Rule 20, and, therefore, the Court grants Plaintiff's Motion and finds Janice Tate's claims are not untimely. Accordingly, the Court adopts Magistrate Judge Sullivan's Order to the extent that she grants Plaintiff's Motion for Leave to Amend.

## CONCLUSION

The Court **ADOPTS in part** Magistrate Judge Sullivan's Order (#36) to the extent that the Court **GRANTS** Plaintiff's Motion (#16) for Leave to Amend Complaint and Add Janice Tate as Additional Plaintiff. Plaintiff shall file his Amended Complaint **no later than May 6, 2013**. The Court, however, **DECLINES** to adopt that portion of the Order in which the Magistrate Judge finds Janice Tate's claims relate back to the original Complaint under Rule 15(c).

The Court refers this matter back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

DATED this 22nd day of April, 2013.

_____
ANNA J. BROWN
United States District Judge

13- ORDER